Champ M. JENKINS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14956.

Court of Criminal Appeals of Oklahoma.

Nov. 18, 1970.

Jay Dalton, Public Defender, Tulsa County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., John C. Howard, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Plaintiff in error, Champ M. Jenkins, hereinafter referred to as defendant was charged by information in the District Court of Tulsa County, with the crime of Unauthorized Use of a Vehicle, After Former Conviction of a Felony, Case No. 23096. Defendant was found guilty by jury verdict rendered on April 3, 1968, assessing the punishment at a term of 3 to 9 years. Judgment and sentence was imposed in accordance with the jury verdict on April 5, 1968, and this appeal perfected therefrom by court-appointed counsel.

It appears from the evidence that on December 18, 1967, a Honda motorcycle disappeared from the residence of its owner who testified that he did not give anyone permission to ride or move said vehicle, that it was parked next to the residence in the evening hours, and that on the following day he noticed that it had disappeared. The mother of the owner also residing at the same residence testified that she did not give anyone permission to ride or remove the vehicle.

Officer Daniel Wells of the Tulsa Police Department testified that on December 19, 1967, he had occasion to arrest the defendant while riding a Honda motorcycle which subsequently proved to be the missing vehicle. Officer Wells testified that after chasing the defendant who abandoned the motorcycle he advised him of his constitutional rights and arrested him for not having a drivers license, no headgear for a motorcycle driver, and attempting to elude an officer. Officer Wells said that the defendant did not appear drunk and he did not smell alcohol at the time of his arrest. The defendant was then taken to the Tulsa Police Department and jailed.

Tulsa Police Officer Robert Jarrett testified that while working in the robbery detail office, he was notified that a jail inmate wanted to talk to someone in the auto theft detail. The defendant was brought to Jarrett's office where after being advised of his rights, defendant orally admitted that he had taken the motorcycle without permission. Tulsa Police Officer J. L. Bayless also testified that he was present when defendant made the oral confession.

The single issue raised on appeal is that the trial court committed error in admitting into the evidence the admissions of guilt made by the defendant while in custody without presence of counsel in violation of defendant's constitutional rights as defined in Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 (1966).

Prior to Officer Jarrett's testimony concerning defendant's confession, the trial court conducted a full hearing outside the presence of the jury on the voluntariness and admissibility of defendant's statement. At this hearing both Officers Jarrett and Bayless stated that the defendant had been fully advised of his constitutional rights including the right to presence of counsel before defendant made his oral confession. Further evidence was offered that defendant had signed a waiver of his rights. It appears that the defendant was interviewed twice making his oral confession after being advised of his rights before Officers Jarrett and Bayless at the first session. Later that afternoon defendant answered the officer's questions which were typed up and prepared for his signature. However, defendant declined to sign the written confession. The defendant also

took the stand at the hearing outside the presence of the jury in which he indicated that at the time he made his statement to the officers he was intoxicated, that he was only waiving his rights regarding the misdemeanor charges for which he had been booked into the jail, and that he did not intend to make a confession of guilt as to taking the motorcycle. The trial judge made a finding that the defendant had been fully advised of his rights and had waived same voluntarily and intelligently prior to making his admission of guilt and therefore concluded that the defendant's statements to Officer Jarrett were admissible.

After carefully reviewing the record, we are of the opinion that the trial court properly ruled on the admissibility of the defendant's admissions of guilt. The procedure followed herein complies with the requirements set forth in Miranda v. Arizona, supra, and it will be recalled that decision held: "The individual may knowingly and intelligently waive these rights and agree to answer questions or make a statement" after being fully advised of his rights. There is competent evidence in the record to indicate that the defendant had such warnings and that the waiver was voluntary. This is true even though there is some dispute in evidence as to whether or not the defendant was intoxicated. The arresting officer stated that the defendant was not drunk nor did he smell alcohol on the person of the defendant. Officer Jarrett testified that at the time of his interview of defendant, it appeared that he "probably had been drinking" although he did not smell of alcohol, and appeared to have full rational control of his faculties at that time. There was competent evidence before the trial court to support a finding of voluntariness, and we cannot hold as a matter of law that it was clearly erroneous.

In Penn v. State, Okl.Cr., 456 P.2d 606 (1969), subsequent to the decision in Miranda v. Arizona, this Court held:

"It is not error for the trial court to admit into evidence defendant's statement where it is clearly shown that de-

fendant was properly advised of his constitutional rights, and that he knowingly and intelligently waived those rights."

We therefore find no merit to the defendant's assignment of error, and conclude that the evidence supports the verdict and judgment and sentence imposed thereon. Accordingly the judgment and sentence is hereby

Affirmed.

BRETT, P. J., and BUSSEY, J., concur.